UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10491-GAO

KASHMONI MURPHY,
Petitioner,

v.

THOMAS DICKHAUT,
Respondent.

OPINION AND ORDER
December 6, 2010

O'TOOLE, D.J.

## I. Background

On June 9, 1998, the petitioner, Kashmoni Murphy, pled guilty in the Massachusetts Superior Court to indictments charging him with home invasion, assault and battery with a dangerous weapon, two counts of armed robbery, and five counts of armed assault in a dwelling. He received two concurrent committed sentences of from three years to three years and one day for the armed robbery charges, and concurrent three-year probationary terms on the remaining charges. During his plea colloquy, the trial judge informed him of the sentencing range applicable to each count and of the Commonwealth's sentencing recommendations, but he did not explicitly inform the petitioner of the minimum mandatory and maximum sentences he would face upon a future violation of the terms of his probation.

The petitioner was found in violation of his probation in April 2003[1] and sentenced to twenty years—the minimum mandatory—on the home invasion charge and life imprisonment—the maximum—on each of the five counts of armed assault, all to be served concurrently.

On October 21, 2003, the petitioner filed a motion to withdraw his guilty pleas and for a new trial pursuant to Massachusetts Rule of Criminal Procedure 30(b) on the ground that his pleas were not voluntary and intelligent because he was not adequately informed of the minimum mandatory and maximum sentences he would face in the event that he violated his probation. The trial court denied the motion on February 8, 2006, and the petitioner filed a second motion to withdraw his guilty pleas and for a new trial on March 9, 2006. The trial court again denied the motion. On October 30, 2008, the Massachusetts Appeals Court affirmed the trial court's denial of the second motion, and on April 1, 2009, the Supreme Judicial Court ("SJC") denied his application for leave to obtain further appellate review ("ALOFAR").

On March 22, 2010, less than one year after the SJC denied his ALOFAR, the petitioner, acting *pro se*, filed the present habeas petition pursuant to 28 U.S.C. § 2254, claiming that his guilty pleas were not knowing or voluntary because he had not been advised of the minimum mandatory and maximum sentences he would face upon a violation of the terms of his probation. The petitioner, now represented by counsel, has filed a motion seeking leave to amend his *pro se* petition, and the respondent has filed a motion to dismiss the petition on the grounds that it is time-barred under 28 U.S.C. § 2244(d).

---

[1] The Massachusetts Appeals Court identifies April 2003, as the operative date, see Commonwealth v. Murphy, 895 N.E.2d 764, 767 (Mass. App. Ct. 2008), but the petitioner states that the date of the probation revocation was March 28, 2003. The difference between the two dates, however, is of no consequence to the resolution of this motion.

## II.     Motion to Dismiss

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides for a one-year statute of limitations for petitions filed by persons in custody pursuant to a judgment of a state court. Id. § 2244(d)(1). Generally, the one-year period runs on the date a petitioner's conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). In some circumstances, however, the period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. § 2244(d)(1)(D). "In order to qualify for this exception, a habeas petitioner must show that, exercising due diligence, he could not have learned of the [information] in question at a substantially earlier date." Wood v. Spencer, 487 F.3d 1, 4 (1st Cir. 2007).

It is clear that the petitioner did not file his application for a writ of habeas corpus within one year from the date his conviction became "final." The petitioner contends, however, that the statute of limitations instead began to run on the date his probation was revoked and he was sentenced to lengthy prison terms, as that was the time he first had the opportunity to learn, and in fact did learn, of the alleged defect in his 1998 guilty plea colloquy. He claims that this is the "factual predicate" under § 2244(d)(1)(D). Under this theory, his pending petition would be timely because the time period between his motion for new trial and the SJC's denial of further appellate review would be disregarded for limitations purposes pursuant to § 2244(d)(2).

Even assuming that the petitioner did not know in fact about the possible consequences of a probation violation, the petitioner has failed to establish that he could not have learned about them at an earlier date through the exercise of due diligence. See Wood, 487 F.3d at 4. Notably, prior to his plea in this case, the petitioner had been found guilty of a probation violation in a

3

different matter in which he had initially received a continuance without a finding, and a sentence was imposed after his violation was established. At the colloquy at issue here, the petitioner was told about the sentencing range applicable to each indictment if he were to receive a committed prison sentence. He knew from his own prior experience that violation of probation terms could result in the imposition of a term of incarceration, and he knew what terms of incarceration could be imposed for the crimes he was pleading guilty to.

Murphy's § 2254 petition is time-barred.

### III. Motion to Amend

On April 29, 2010, the petitioner, through counsel, filed a motion to amend the habeas petition, arguing that the amendment is timely because it "relates back" to the original petition. Federal Rule of Civil Procedure 15(c) allows amendments to pleadings to relate back to the date when the original pleading was filed if the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." A claim does not relate back if it depends upon events which are separate both in "time and type from the events upon which the original claims depended." United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005). The relating back provision is strictly construed. Id. at 23.

Although the petitioner claims to merely clarify the claim raised in the original petition, in substance the amendment would add a second claim that the petitioner's attorney was ineffective for failing to file a notice of appeal after the initial denial of his motion to withdraw his guilty plea. This claim is several steps removed from the core issue of whether the petitioner's plea was knowing or voluntary. Because it is separate both in "time and type" from

the events upon which the petitioner's original claim depended, the amendment cannot be fairly said to "relate back" under Rule 15(c).

## IV.  Conclusion

For the foregoing reasons, the Petitioner's Motion for Leave to Amend His Pro-Se Petition for Habeas Corpus Relief (dkt. no. 9) is DENIED and the Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred (dkt. no. 11) is GRANTED.

## V.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this Court finds that no certificate of appealability should issue because the petitioner has failed to show that reasonable jurists would find it debatable whether this Court was correct in this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 478 (2000).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge